Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210

408-286-5150

Attorney for plaintiffs

ORIGINAL FILED
E-filing  MAY 10 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
ADR

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

C05 01934 HRL

ALFREDO BARAJAS; MARCO HERNANDEZ,
    *Plaintiffs*,

v.

OFFICER HERNANDEZ, BADGE NO. 2538, individually and in his capacity as a San Jose police officer; OFFICER ESTRADA, BADGE NO. 1978, individually and in his capacity as a San Jose police officer; JOHN DOE and RICHARD ROE, individually and in their capacities as police officers for the City of San Jose, the identity and number of whom are unknown to plaintiff; THOMAS WHEATLEY, individually and in his capacity as acting chief of police for the City of San Jose; CITY OF SAN JOSE; LA CUMBRE ENTERPRISES, INC. D.B.A. CLUB CARIBE; DOES 1 through 50,
    *Defendants.*

No.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS --
JURY TRIAL DEMANDED

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

Complaint for Violation of Civil Rights –
Jury Trial Demanded    Page 1

unlawful acts and practices alleged occurred in the City of San Jose, which is within this judicial district.

**PARTIES**

2. Plaintiffs ALFREDO BARAJAS and MARCO HERNANDEZ are and at all times herein mentioned were, residents of San Jose, California, and readily recognizable as Hispanic.

3. Defendant CITY OF SAN JOSE ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant THOMAS WHEATLEY (hereinafter "WHEATLEY") at all time mentioned herein was the Interim Chief of Police for CITY, acting under the color of law and in the course and scope of his employment for defendant CITY.

4. At all times mentioned herein, defendants OFFICER HERNANDEZ, BADGE NO. 2538, ESTRADA, BADGE NO. 1978, JOHN DOE and RICHARD ROE (hereinafter "OFFICERS"), were employed as police officers for defendant CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CITY.

5. Defendant LA CUMBRE ENTERPRISES, INC. (Hereinafter "CLUB CARIBE") is, and at all times mentioned herein was, a corporation duly organized under the laws of the State of California, doing business as Club Caribe, with its principal place of business located in San Jose, California. CLUB CARIBE regularly hired San Jose police officers to act as security for its club, and

Complaint for Violation of Civil Rights –
Jury Trial Demanded

said officers would patrol outside the club in full uniform and exercise the full powers of San Jose police officers while being paid by CLUB CARIBE. As such, CITY and CLUB CARIBE acted as joint venturers, and the actions of CLUB CARIBE and its employees were therefore done under of color of law.

6. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth. Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

7. At all times mentioned herein, each named and DOE defendant was the agent or employee of co-defendant CITY and/or CLUB CARIBE, and in doing the things alleged, were acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization, and approval of CITY and/or CLUB CARIBE.

### STATEMENT OF FACTS

8. The City of San Jose and its police department have a policy allowing its police officers to work for private individuals and businesses while in uniform, and these are called "pay jobs". As a result of this practice, San Jose police officers perform police functions while being paid directly by private employers, and thus develop split loyalties between their official employer and the private employer.

Complaint for Violation of Civil Rights –
Jury Trial Demanded
Page 3

9. Although the city benefits by not having to pay its officers, the public is put at risk because these police officers develop a higher loyalty to their patrons than to their constitutional obligations, and individual members of the public are often severely injured by unchecked brutality at these sites, as well as having their constitutional rights infringed.

10. A typical "pay job" is to work as a de facto bouncer at bars and nightclubs, and one such pay job, and perhaps the most notorious, is at the Club Caribe, located at the corner of South First and Willow Streets, in San Jose. This club is owned and operated by defendant CLUB CARIBE.

11.   Defendants OFFICER HERNANDEZ, BADGE NO. 2538, and OFFICER ESTRADA, BADGE NO. 1978, frequently work at CLUB CARIBE.

12. A typical infringement of constitutional rights occurring directly a result f the CITY's policy is to arrest innocent persons and charge them with violation of Penal Code section 647, subdivision (f), so-called drunk in public, and for the OFFICERS to write down that the suspect was so intoxicated that he or she could not care for himself or herself, and describe as though written with a rubber stamp that the suspect had a strong odor of an alcoholic beverage, had bloodshot and watery eyes, and slurred speech. Oftentimes the police officers engage in the use of unnecessary and excessive force while engaged in the "pay job". Upon arrest, the suspect is then transported to a detention facility and held for several hours with no chemical test being administered, and then, when released, is totally unable to substantiate his or her actual sobriety. Literally hundreds of citizens per year are forced to enter guilty or no-contest pleas rather than face a trial in which it is their dilemma to have to pay thousands of dollars for defense and in which they will be opposed by professional witnesses and in which they have no evidence other than their own testimony to prove their innocence. The CITY and WHEATLEY were very aware of this scenario, and ratified it

1 through official policies and procedures despite knowing the risks and actual consequences to the
2 public.

3

4     13. Plaintiffs are both residents of the City of San Jose and are clearly recognizable as
5 Hispanic.

6

7     14. On 27 December 2003, plaintiffs went to CLUB CARIBE with family members.
8 Neither was intoxicated. CLUB CARIBE's bouncers did not like the fact that Marco Hernandez'
9 shirt was not tucked in, and proceeded to lay hands on him and literally throw him into the street.

10

11     15. When Mr. Hernandez landed, he was met by OFFICER HERNANDEZ and
12 OFFICER ESTRADA who, after being instructed by CLUB CARIBE's bouncers to arrest Mr.
13 Hernandez, proceeded to severely beat Mr. Hernandez about his entire body with their fists, feet,
14 and weapons, severely injuring him about his entire body. Both OFFICER HERNANDEZ and
15 OFFICER ESTRADA were in full San Jose police uniforms, but plaintiffs are informed and believe
16 that they were being paid by CLUB CARIBE.

17

18     16. Mr. Hernandez suffered cuts, abrasions, and bruises to his head, neck, shoulders, arms,
19 back, torso, and legs, as well as serious injury to his back as a result of the actions by the bouncers
20 and OFFICERS.

21

22     17. Mr. Barajas came outside to protect Mr. Hernandez, and began yelling at the
23 OFFICERS. As a result, the OFFICERS laid hands on Mr. Barajas about his entire body, causing
24 injury to his body and extremities due to the manhandling he received during the arrest, including
25 his wrists from being handcuffed too tightly, and put him under arrest for being drunk in public, not
26 because he was, but because they could.

27

28 Complaint for Violation of Civil Rights –
Jury Trial Demanded

18. Both plaintiffs were transported to jail by other OFFICERS, and both were charged with drunk in public. Mr. Barajas' charges were dismissed because it was clear to all involved that he never did anything other than come out and speak to the OFFICERS. Mr. Hernandez, unable to mount a vigorous defense because of his financial condition, was forced to plead no contest to the charge.

## DAMAGES

19. As a proximate result of defendants' conduct, plaintiffs suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiffs suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of their sense of security, dignity, and pride as citizens of the United States.

20. As a further proximate result of defendants' conduct, plaintiffs have incurred expenses, including medical expenses, and lost time from their usual occupations.

21. The conduct of defendants OFFICERS and CLUB CARIBE was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against defendants OFFICERS and CLUB CARIBE.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

//
//

Complaint for Violation of Civil Rights – Jury Trial Demanded

# FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendants OFFICERS and DOES 1 through 50, inclusive)

23. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 of this complaint.

24. In doing the acts complained of, defendants OFFICERS acted under color of law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

c. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

f. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

g. The right to preservation of evidence in a criminal case, as protected by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and,

h. The right to prompt medical attention as guaranteed by the Fourteenth Amendment to the United States Constitution.

25. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)
(Against Defendants CITY OF SAN JOSE and WHEATLEY)

26. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 25 of this complaint.

27. The CITY and WHEATLEY, Interim Chief of Police for the CITY, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants CITY, CLUB CARIBE, and OFFICERS herein, and other San Jose police officers, as outlined in paragraphs 8 through 19 of this complaint. Despite said notice, defendants CITY and WHEATLEY have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers and CLUB CARIBE. This lack of an adequate supervisorial response by defendants CITY and WHEATLEY demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by San Jose police officers.

28. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, WHEATLEY, and their supervisory officials and

Complaint for Violation of Civil Rights –
Jury Trial Demanded

employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the San Jose Police Department. The plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of the CITY and WHEATLEY to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983)
(Against Defendant CLUB CARIBE)

29. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 28 of this complaint.

30. Defendant CLUB CARIBE undertook to perform a traditionally public function by entering into an agreement with the CITY to use San Jose police officers act as security guards in full uniform and power to exercise governmental authority but while being paid by CLUB CARIBE. Because of this, CLUB CARIBE was acting in a joint venture with the CITY.

31. CLUB CARIBE, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers herein and other San Jose police officers, consisting of false arrests, failure to adequately investigate, illegal searches and seizures, and excessive use of force. Despite said notice, defendant CLUB CARIBE has demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers. The

Complaint for Violation of Civil Rights –
Jury Trial Demanded

undertaking of the traditional government function and its grossly inadequate performance by defendant CLUB CARIBE demonstrates the existence of an informal custom or policy which tolerates and promotes the continued violation of civil rights of citizens by San Jose police officers in the employ of CLUB CARIBE.

32. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendant CLUB CARIBE and its supervisory officials and employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the San Jose Police Department. The plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of CLUB CARIBE to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### FOURTH CLAIM FOR RELIEF
(Assault and Battery)
(Against all defendants)

33. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint.

34. Defendant OFFICERS and employees of CLUB CARIBE committed assault and battery against plaintiffs by beating Marco Hernandez and laying hands on Alfredo Barajas even though they knew that plaintiffs had committed no crime.

35. Defendants' conduct was neither privileged nor justified under statute or common law.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

36. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### FIFTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)
(Against all defendants)

37. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 36 of this complaint.

38. The conduct of defendant OFFICERS and/or employees of CLUB CARIBE, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiffs, defendant OFFICERS and/or employees of CLUB CARIBE committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

39. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme metal and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages as against the individually named police officers as well as the employees of CLUB CARIBE and CLUB CARIBE itself. Plaintiffs have suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## SIXTH CLAIM FOR RELIEF
(Negligence)
(Against all defendants)

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

41. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function as well as operating a nightclub. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and club owners, proximately causing plaintiffs to suffer damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

## SEVENTH CLAIM FOR RELIEF
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against Defendant CLUB CARIBE)

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. Defendant CLUB CARIBE has, and at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline its employees herein so as to avoid unreasonable risk of harm to citizens.

44. Defendant CLUB CARIBE, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing violent practices by defendants and other employees, consisting of the use of unnecessary and excessive force against customers, especially Hispanic customers

45. Despite this notice, defendant CLUB CARIBE demonstrated deliberate indifference to this pattern and practice of needless violence by failing to take necessary, appropriate or adequate measures to prevent the continued perpetuation of this pattern of conduct by its employees.

46. Defendant CLUB CARIBE breached its duty of care to citizens in that they have failed to adequately train defendant employees, and other employees, in the proper use of force and identification procedures in the course of their employment. This lack of an adequate supervisorial response by defendant CLUB CARIBE, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of Hispanic citizens by its employees.

47. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

//
//
//
//
//
//

Complaint for Violation of Civil Rights --
Jury Trial Demanded

## EIGHTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)
(Against all defendants)

48. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

49. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and club employees, proximately causing plaintiff to suffer damages as set forth.

50. The conduct of defendant OFFICERS and employees of CLUB CARIBE as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

51. As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme mental and emotional distress. Plaintiffs have suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

## NINTH CLAIM FOR RELIEF
(California Civil Code § 52.1)
(Against all defendants)

52. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 51 of this complaint.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

53. The conduct of defendant OFFICERS and employees of CLUB CARIBE as described herein violated California Civil Code § 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force and false arrest and imprisonment.

54. As a direct and proximate result of defendants' violation of Civil Code § 52.1 plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth.

55. Since the conduct of defendant officers and club employees occurred in the course and scope of their employment, defendants CITY and CLUB CARIBE are therefore liable to plaintiffs pursuant to respondeat superior.

56. Plaintiffs are entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### TENTH CLAIM FOR RELIEF
(False Imprisonment)
(By plaintiff BARAJAS as against all defendants)

57. Plaintiff Alfredo Barajas realleges and incorporates by reference herein paragraphs 1 through 56 of this complaint.

58. On or about 27 December 2003, defendant OFFICERS and employees of CLUB CARIBE detained and eventually arrested plaintiff Barajas maliciously and without a warrant or

Complaint for Violation of Civil Rights –
Jury Trial Demanded

order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense. Defendant OFFICERS and employees of CLUB CARIBE did not have reasonable cause to believe that plaintiff Barajas had committed any offense.

59. Defendant OFFICERS transported plaintiff Barajas to Santa Clara County Main Jail where plaintiff was imprisoned until his eventual release.

60. The conduct of defendant OFFICERS and employees of CLUB CARIBE, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff Barajas, defendant OFFICERS and employees of CLUB CARIBE committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against all defendants.

61. As a proximate result, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

## CLAIM REQUIREMENT

62. For state causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California Law. Plaintiffs have complied with all applicable requirements.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## JURY DEMAND

63. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages according to proof;

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988

5. For injunctive relief enjoining defendant CITY from authorizing, allowing, or ratifying the practice by any CITY employee, including all members of the San Jose Police Department, of allowing private clubs from paying San Jose police officers for performing their duties while in full uniform, of false arrest for substance offenses as pretext for unlawful searches or harassment of citizens, and for excessive force used as punishment for persons invoking their constitutional rights;

6. Reasonable attorney's fees pursuant to California Civil Code section 52.1, subdivision (h);

//
//
//
//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

1. 7. Costs of suit incurred herein; and,
2. 8. Such other and further relief as the Court may deem just and proper.

Dated: 9 May 2005

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiffs

Complaint for Violation of Civil Rights –
Jury Trial Demanded