*E-FILED ON 2/9/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALFREDO BARAJAS and MARCO HERNANDEZ,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>OFFICER HERNANDEZ, BADGE NO. 2538; OFFICER ESTRADA, BADGE NO. 1978; JOHN DOE, RICHARD ROE, THOMAS WHEATLEY, CITY OF SAN JOSE, LA CUMBRE ENTERPRISES, INC. d.b.a. CLUB CARIBE; DOES 1-50,<br><br>　　　　Defendants. | No. C05-01934 RMW (HRL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT** |

Plaintiffs' "Motion to File Amended Complaint And to Add Party" was referred by the District Court to the undersigned for disposition. Defendants Hernandez and Estrada and the City of San Jose ("City") stipulate to the filing of plaintiffs' amended complaint. Defendant Cumbre Enterprises, Inc. d.b.a. Club Caribe ("Club Caribe") opposes the motion. This court finds it appropriate to deem the matter submitted upon the papers without oral argument. See CIV. L.R. 7-1(b). Having considered the papers filed by the parties, the court GRANTS the motion.

## I.  BACKGROUND

This is a civil rights lawsuit stemming from plaintiffs' arrest during their visit to Club Caribe in San Jose on December 27, 2003.  Plaintiff Marco Hernandez alleges that Club Caribe's bouncers threw him onto the street where the defendant officers arrested him for being drunk in public.  Plaintiff Alfredo Barajas alleges that he exited Club Caribe to protect plaintiff Hernandez and was also arrested by the defendant officers for being drunk in public.  Both plaintiffs contend that they were not intoxicated and that the defendant officers lacked probable cause for their arrest.  Additionally, plaintiffs claim that the defendant officers and the Club's bouncers used unnecessary and excessive force.

On May 10, 2005, plaintiffs filed the instant action alleging violations of their rights under 42 U.S.C. § 1983 and California Civil Code § 52.1.  They also asserted several other state law claims for assault and battery, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.  Additionally, plaintiffs asserted a state law claim against Club Caribe for negligent selection, training, retention, supervision, investigation and discipline, and plaintiff Barajas asserted a claim against all defendants for false imprisonment.  The complaint alleged that, at the time of their arrest, the defendant officers were being paid by Club Caribe to act as security guards for the Club while in full uniform.  As such, plaintiffs asserted that Club Caribe bears joint and several liability for the alleged constitutional violations and state law claims because it was acting in a "joint venture" with the City.

Plaintiffs now move for leave to amend their complaint to add Maria Perez d.b.a. Trine's Cafe ("Perez") in place of a Doe defendant.  They say that based upon information provided in the City's initial disclosures, they have learned that the officers were being paid by Perez, and not Club Caribe.  Nevertheless, plaintiffs maintain that Club Caribe employed the bouncers who allegedly injured them, and contend that Club Caribe remains a proper defendant in this action.

Club Caribe apparently does not oppose an amendment to add Perez.  However, it argues that in light of allegations that Perez paid the defendant officers, plaintiffs should not be permitted to file an amended pleading which continues to assert claims against Club Caribe under 42 U.S.C. § 1983 and California Civil Code § 52.1 or for false imprisonment.  Club

2

1  Caribe contends that any allegation that it acted in a "joint venture" with the City is purely
2  speculative and further argues that plaintiffs will violate Fed.R.Civ.P. 11 if they file their
3  proposed amended pleading in its current form.

## II.  LEGAL STANDARD

Although Club Caribe bases its opposition upon Fed.R.Civ.P. 11, Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Although Club Caribe does not expressly say so, in effect, it argues that the proposed amendment will be futile because plaintiffs will not be able to prove their allegations of a "joint venture" between the Club and the City or Perez. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

The Ninth Circuit recognizes that state action may be attributable to a private party when it is "a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). State action may be established through any one of four different criteria: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. Id. Here, plaintiffs' proposed amended pleading alleges that "[o]n information and belief, Club Caribe, through Perez, regularly used San Jose police officers to act as security for its club, and said officers would patrol outside the club in full uniform and

3

1 exercise the full powers of San Jose police officers while being paid by Perez." (Proposed
2 Amended Complaint, ¶ 6). It further alleges that Club Caribe's bouncers directed the defendant
3 officers to arrest plaintiff Hernandez, and that Perez or Club Caribe (or both) "undertook to
4 perform a traditionally public function by entering into an agreement with the City to use San
5 Jose police officers [sic] act as security guards in full uniform and power to exercise
6 governmental authority but while being paid by Perez." (Id. at ¶¶ 16, 31). As such, plaintiffs
7 claim that the City, Perez and Club Caribe "acted as joint venturers, and the actions of the Club
8 Caribe through Perez and its employees were therefore done under color of law." (Id. at ¶ 6).

9 Club Caribe argues, in essence, that plaintiffs should not be permitted to file their
10 amended complaint because they will never be able to prove these allegations. It asserts
11 through its counsel that there is no evidence of any agreement or "joint venture" between Club
12 Caribe and the City or Perez and that the allegations are entirely speculative. Plaintiffs dispute
13 this assertion. Whether plaintiffs will be able to prove their claims remains to be seen; and,
14 each side will have an opportunity to present its arguments as to the evidence. On the present
15 motion, however, the only issue is whether plaintiffs should be permitted to amend their
16 pleading. Club Caribe's contention as to the non-existence of a "joint venture" raises factual
17 issues rather than defects that would subject plaintiff's claims to dismissal. Accordingly, the
18 court cannot conclude that plaintiffs' proposed amended pleading will be futile.

19 Moreover, there has been no bad faith or undue delay, and amendment would not
20 impose undue prejudice to defendants. The instant lawsuit is still in its relatively early stages,
21 and plaintiffs say that they only learned of Perez's alleged involvement through the City's
22 initial disclosures. Fact discovery will not close until October 6, 2006, and trial is not set to
23 begin until January 29, 2007.

### IV.  ORDER

25 Based on the foregoing, IT IS ORDERED THAT plaintiffs' motion for leave to file their
26 amended complaint is GRANTED. Plaintiffs shall file their amended complaint within ten days

4

of the date of this order.

Dated: February 9, 2006



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:05-cv-1934 Notice will be electronically mailed to:

2  Anthony Boskovich policemisconduct@compuserve.com

3  Robert Baker Burchfiel CAO.Main@ci.sj.ca.us

4

5  Beth Trittipo btrittipo@longlevit.com

6  Irene K. Yesowitch iyesowitch@longlevit.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6